**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Patricia Blackburn,

    Plaintiff,

    v.                                                                Case No. 1:09cv943

Commissioner of Social Security,                  Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the court upon Magistrate Judge's Report and Recommendation ("R&R") that the decision of the Commissioner should be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C § 405(g).  (Doc. 15.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1]  The Commissioner filed timely Objections to the R&R.  (Doc. 16.)  Plaintiff was granted an extension of time to file a response to the Commissioner's objections (Doc. 18), yet no response was ever filed.

**I.**    **BACKGROUND**

Plaintiff filed applications for SSI in October of 2006 and DIB in June of 2006, alleging that she was disabled beginning in October 1, 2005, due to "heart problems."

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ. An evidentiary hearing, at which Plaintiff was represented by counsel, was held on January 13, 2009. The ALJ denied Plaintiff's applications. Plaintiff sought review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review, which made the decision of the ALJ the final administrative decision of the Commissioner.

In the decision, the ALJ found that Plaintiff suffers from the severe impairments of the combined effect of coronary artery disease status post bypass surgery, hypertension, chronic obstructive pulmonary disease, sleep apnea, and degenerative changes of the lower back and knees. The ALJ found further that Plaintiff retains the residual functional capacity ("RFC") for light work if she is given the opportunity to alternate between sitting or standing every two hours for a moment or two; and Plaintiff should be required to work only in a clean air environment. The ALJ determined that Plaintiff could not perform her past relevant work. However, the ALJ found that Plaintiff was not disabled because there were a significant number of jobs in the national economy that she can perform.

## II.     MAGISTRATE JUDGE'S R&R

In her R&R, the Magistrate Judge noted that the ALJ did not address whether Plaintiff's fibromyalgia or degenerative disc disease were "severe" impairments. The Magistrate Judge noted: "Although an error at Step 2 will not always require reversal, such an error may require remand if the diagnosis and other evidence in the record support a finding of functional limitations that the ALJ failed to consider or include in a later step of the sequential analysis, when considering a claimant's RFC." The Magistrate Judge also recognized that as long as the record as a whole supports the ALJ's determination of

Plaintiff's RFC, and does not support greater limitations based on her fibromyalgia or degenerative disc disease, then this Court must affirm the Commissioner's decision.

The Magistrate Judge explained that there was no dispute that Plaintiff suffers from fibromyalgia, yet the ALJ failed to address the limitations, if any, resulting from Plaintiff's fibromyalgia. As such, the Magistrate Judge concluded that remand is necessary on this issue. The Magistrate Judge noted that in contrast, the ALJ did address limitations resulting from Plaintiff's degenerative disc disease in her hypothetical question to the VE. However, the Magistrate Judge noted that it was "fairly debatable" whether there would be significant limitations resulting from this condition and therefore, these limitations should be considered on remand as well. Likewise, the Magistrate Judge concluded that the limitations stemming from Plaintiff's carpal tunnel syndrome should be addressed on remand.

## III.   ANALYSIS

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by

the Commissioner.  *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994).  If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability.  *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

The Commissioner first objects to the R&R because Plaintiff was not diagnosed with fibromyalgia until one year after she applied for DIB benefits and two years after she applied for SSI.  The Court notes that the timing of the diagnosis of fibromyalgia does not explain the ALJ's lack of discussion of the diagnosis.  Plaintiff was diagnosed with fibromyalgia by Dr. Greenblatt.  There is evidence in the record that Dr. Greenblatt treated Plaintiff's fibromyalgia from December of 2006 through February 2008.  This evidence would indicate that Dr. Greenblatt is a treating physician.  *See* 20 C.F.R. § 404.1502 (defining a treating source as a physician or other medical source who has had an ongoing relationship with the claimant).  The Sixth Circuit has held that the ALJ's complete failure to mention a treating physician in his or her decision plainly violates the terms of 20 C.F.R. § 1527(d)(2).  *Bowen v. Commissioner of Social Sec.*, 478 F.3d 742, 747 (6th Cir. 2007). Section 1527(d) provides that the ALJ is to consider (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, and (5) the specialization of the treating source.  20 C.F.R. § 404.1527(d).  In addition, the regulation states that "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."  20 C.F.R. § 404.1527(d)(2).  In this instance, the ALJ did not comply with these requirements.

The Commissioner next argues that Plaintiff failed to present any evidence of limitations stemming from her fibromyalgia. As the Court reads this argument, the Commissioner argues that the failure to address Plaintiff's diagnosis of fibromyalgia or the opinion of Dr. Greenblatt was harmless error. The Sixth Circuit has explained that § 1527(d)(2) provides claimants with an "important procedural safeguard." *Bowen*, 478 F.3d at 747, *quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004). However, a violation of § 1527(d)(2) might amount to harmless error some situations, including "where the Commissioner has met the goal of § 1527(d)(2)-the provision of the procedural safeguard of reasons-even though she has not complied with the terms of the regulation." *Id.* Here, the goal of section 1527(d)(2) has not been met. There was no discussion by the ALJ of the fibromyalgia diagnosis or the opinion of Dr. Greenblatt in her written opinion. It is not clear from the ALJ's decision whether she was rejecting the evidence, or it was simply overlooked.[2]

To the extent the Commissioner argues that Plaintiff's claim fails on the merits, the Sixth Circuit has explained:

> A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. "[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway." *Mazaleski v. Treusdell*, 562 F.2d 701, 719 n. 41; *see also Ingalls Shipbuilding, Inc. v. Dir., Office of Workers' Comp. Programs*, 102 F.3d 1385, 1390 (5th Cir.1996). To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability the violate the regulation with impunity and render the protections promised therein illusory.

---

[2]The Court notes that the ALJ did include the diagnosis of fibromyalgia in her hypothetical question to the Vocational Expert. (Tr. 428.)

> The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to "set aside agency action . . . found to be . . . without observance of procedure required by law." Administrative Procedure Act, 5 U.S.C. § 706(2)(D) (2001).

*Wilson*, 378 F.3d at 546.

Moreover, as this Court has noted, reliance on a lack of "objective" evidence to discount a medical opinion is "wholly inconsistent with plaintiff's diagnosis of fibromyalgia." *See Lawson v. Astrue*, 695 F.Supp.2d 729, 744 (S.D.Ohio 2010) (explaining that fibromyalgia can be disabling even in the absence of objectively measurable signs and symptoms). Therefore, in a case involving fibromyalgia, the Court cannot conclude that a lack of objective evidence of Plaintiff's limitations is fatal to her claim. *See id.*, *citing Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996) (the "cause or causes [of fibromyalgia] are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia."). Therefore, remand is necessary so the ALJ may consider the opinion of Dr. Greenblatt. *See Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009), *quoting Wilson*, 378 F.3d at 545 (6th Cir. 2004) ("[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.").

Finally, the Commissioner objects to a remand for further consideration of Plaintiff's back pain and carpal tunnel syndrome. However, the Court notes that an impairment or combination of impairments can be considered medically equivalent to a listed impairment

"if the symptoms, signs and laboratory findings as shown in medical evidence are at least equal in severity and duration to the listed impairments." *Land v. Sec'y of Health and Human Servs.*, 814 F.2d 241, 245 (6th Cir. 1986) (per curiam). The Court finds that remand with respect to Plaintiff's back pain and carpal tunnel syndrome is warranted in this instance because those conditions can be considered in combination with Plaintiff's fibromyalgia.

Based on the foregoing, the Court finds that the Magistrate Judge's recommendation that this matter be remanded is correct. Accordingly, the Magistrate Judge's R&R (Doc. 15) is hereby **ADOPTED**. It is hereby **ORDERED** that:

1. The decision of the Commissioner be **REVERSED and REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g);

2. This matter should be **ADMINISTRATIVELY CLOSED**.

**IT IS SO ORDERED.**

                                           */s/ Michael R. Barrett*
                                           Michael R. Barrett, Judge
                                           United States District Court