# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PATRICIA BLACKBURN,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:09cv943

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") (Doc. 21), Defendant's Memorandum in Opposition (Doc. 22), and Plaintiff's Reply Memorandum. (Doc. 23).

Pursuant to local practice, Plaintiff's Motion for Attorney Fees (Doc. 21) has been referred to the undersigned Magistrate Judge for initial consideration and a Report and Recommendation. 28 U.S.C. §636(b). For the reasons stated herein, I recommend that Plaintiff's Motion be granted.

### I. Relevant Factual Background

On March 2, 2011, this Court issued a Report and Recommendation ("R&R") that Plaintiff's case be reversed and remanded pursuant to Sentence Four of 42 U.S.C. §405(g). (Doc. 15). Thereafter, on July 19, 2011, the District Court adopted the R&R in its entirety and remanded the matter for further proceedings under Sentence Four of 42 U.S.C. §405(g). (Doc. 19). Plaintiff timely filed her motion for fees pursuant to 28 U.S.C. §2412(d). (Doc. 21). In said Motion, counsel requested fees in the amount of $3,707.50,

which is comprised of 19.75 hours of work times the requested hourly rate of $170.00. The Commissioner opposes Plaintiff's motion, arguing that Plaintiff is not entitled to attorney fees because the Commissioner's position was substantially justified. (Doc. 22).

**II. Analysis**

**A. Standard of Review**

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. §2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.,* 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991).

> Further, the EAJA provides that:
>
> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust. The Commissioner does not dispute that Plaintiff is a prevailing party, as defined by the EAJA, nor does the Commissioner assert that any "special circumstances" exist in this

2

matter, such as to preclude an award of fees.  As detailed above, the Commissioner argues only that Plaintiff's EAJA petition for attorney fees should be denied because the Commissioner's prior litigation position was "substantially justified."

The Court agrees that the motion is timely, that Plaintiff is the prevailing party, and that there are no special circumstances to make the award of fees unjust.  The Court is therefore left to determine whether the government's position was substantially justified, and if not, how much the award of attorneys fees should be and to whom the award should go.

### B. Substantial Justification

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action.  *Pierce v. Underwood*, 487 U.S. 552 (1988).  The "substantial evidence" standard is not the same as the "substantial justification" standard under EAJA.  The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce,* 487 U.S. at 566 n. 2.  The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified.  Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted).  Rather, under EAJA, substantial justification

means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as an atomized line-items."). It is the government's burden under EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412 (d)(2)(D).

In the present case, Plaintiff appealed the ALJ's decision arguing that ALJ Sarah Miller erred by: 1) failing to address Plaintiff's degenerative disc disease and fibromyalgia; 2) failing to consider the combined effects of Plaintiff's impairments when determining her residual functional capacity ("RFC"); and 3) substituting her own non-medical judgment in place of contrary medical evidence. The Court determined that Plaintiff's asserted errors, considered together, required remand under Sentence Four of 42 U.S.C. §405(g). (Doc. 15).

In recommending that the Commissioner's finding of non-disability be reversed,

this Court determined that the ALJ's RFC finding failed to properly evaluate all relevant evidence. (Doc. 15). First, the ALJ failed to consider and address any limitations resulting from Plaintiff's fibromyalgia. Specifically, Plaintiff was diagnosed with fibromyalgia by Dr. Greenblatt, a rheumatologist, and her diagnosis is undisputed. There is evidence in the record that Dr. Greenblatt treated Plaintiff's fibromyalgia from December of 2006 through February 2008. However, the ALJ's decision did not include any discussion relating to Plaintiff's diagnosis of fibromyalgia or mention the opinion of Dr. Greenblatt. As a result, the ALJ's decision could not be upheld as supported by substantial evidence based on a silent record. *Accord, Stephens v. Astrue*, 2010 WL 1368891 (E.D. Ky. March 31, 2010) (remand required where record did not show that ALJ considered mental impairment that was not identified at second step of process at subsequent steps, before reaching non-disability determination).

Furthermore, it is well established that the ALJ's complete failure to mention a treating physician in his or her decision plainly violates the terms of 20 C.F.R. § 1527(d)(2). *Bowen v. Commissioner of Social Sec.*, 478 F.3d 742, 747 (6th Cir. 2007). Section 1527(d) provides that the ALJ is to consider (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, and (5) the specialization of the treating source. 20 C.F.R. § 404.1527(d). In addition, the regulation states that "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(d)(2). In adopting this Court's Report and

5

Recommendation, Judge Barrett found that the ALJ's decision did not comply with these requirements. (Doc. 19 at 4). Because there was no discussion by the ALJ of the fibromyalgia diagnosis or the opinion of Dr. Greenblatt in her written opinion, the Court found that the ALJ failed to apply the correct legal standard as set forth in the Social Security regulations and rulings. *Id.* at 4-6.

Next, the Court found that remand was also warranted for further consideration of Plaintiff's back pain and carpal tunnel syndrome. (Doc. 19 at 6-7). Notably, it was unclear from the ALJ's decision whether she fully considered Plaintiff's degenerative disc disease and resulting limitations (specifically relating to Plaintiff's ability to stoop, bend, or crawl). The ALJ also mischaracterized, at least in part, Plaintiff's reports to her physician relating to her pain level from carpal tunnel. (Doc. 15 at 15).

In response to Plaintiff's EAJA fee petition, the Commissioner argues his position was substantially justified because the evidence overwhelmingly showed that Plaintiff did not have any limitations due to fibromyalgia is consistent with the ALJ's RFC determination. The Commissioner further argues that the ALJ properly considered Plaintiff's back pain and carpal tunnel syndrome and the evidence of record relating to those impairments does not undermine the ALJ's conclusions.

However, those are essentially the same arguments raised by the Commissioner in support of his Memorandum in Opposition [to Plaintiff's Statement of Errors] and his objections to the Court's R&R to remand this case. (Docs. 11, 16). Those arguments were rejected in this Court's R&R and Judge Barrett's adoption of the R&R in its entirety.

6

Notably, in adopting this Court's R&R Judge Barrett found that the ALJ's failure to address Plaintiff's fibromyalgia or mention the findings of Dr. Greenblatt violated 20 C.F.R. § 404.1527(d)(2) thereby requiring remand. Judge Barrett also rejected the Commissioner's arguments that remand for further consideration of Plaintiff's back and carpal tunnel syndrome was unwarranted. (Doc. 19 at 6-7). Judge Barrett noted that an impairment or combination of impairments can be considered medically equivalent to a listed impairment "if the symptoms, signs and laboratory findings as shown in medical evidence are at least equal in severity and duration to the listed impairments." *Id.* (citing *Land v. Sec'y of Health and Human Servs.*, 814 F.2d 241, 245 (6th Cir. 1986) (per curiam)). Here, under the facts of this case, remand was proper with respect to Plaintiff's back pain and carpal tunnel syndrome because those conditions can be considered in combination with Plaintiff's fibromyalgia.

Under these facts, considering the Commissioner's failure to properly follow his own Regulations, the undersigned finds the Commissioner's position in the underlying litigation was not "substantially justified" for purposes of the EAJA. This Court has refused to find the government's position to be "substantially justified" when an ALJ fails to apply the correct legal standard. *See Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984). *See also Gutierrez v. Barnhart,* 274 F.3d 1255, 1259 (9th Cir. 2001) (government's position not substantially justified where ALJ failed to comply with applicable Social Security regulation); *Fraction v. Bowen,* 859 F.2d 574, 575 (8th Cir. 1988) (claimant entitled to

7

EAJA fees where government acted "contrary to clearly established circuit precedent"); *Williams v. Sullivan,* 775 F. Supp. 615, 618-19 (S.D.N.Y. 1991) (government's position was not substantially justified given established Second Circuit law). Since the Commissioner fails to set forth a "reasonable basis in law" for the ALJ's decision, the government has not met its burden of proving substantial justification for its position in this case. The Court therefore finds the Commissioner's position in this matter was not substantially justified.

### C. Calculation of Fee Award

Having determined that Plaintiff is entitled to an award of fees under the EAJA, the Court turns next to the amount of that award. In this case, Plaintiff seeks a rate of $170.00 for a total of 19.75 hours, plus costs of $350.00.

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Thus, "[p]laintiffs must 'produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 895 n.11 *quoting Blum v. Stenson*, 465 U.S. 886, 898 (1984).

In support of her claim for an hourly rate exceeding the statutory rate of $125.00 per hour, counsel has submitted her own affidavit setting forth her credentials and extensive experience handling Social Security disability cases, as well as additional information regarding the mean and median hourly rates charged by attorneys in Cincinnati, Ohio. (Doc. 21, Pehowic Aff., Exs. A-D). Upon careful review, the undersigned finds that Plaintiff's evidence is sufficient to justify the higher claimed rate of $170.00 per hour. The hourly rate sought by counsel for Plaintiff is reasonable and warranted given the cost of living increases since enactment of the EAJA and the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Bryant,* 578 F.3d at 450. In addition, the Court notes that Defendant does not object to the hourly rate requested by Plaintiff in this litigation. Accordingly, the Court finds the $170.00 rate sought by Plaintiff to be reasonable in this matter.[1]

The Court next turns to a discussion of the applicable hours Plaintiff's counsel worked relative to the sentence four remand, *i.e.*, the hours to which the $170.00 hourly rate shall be applied. Counsel submits that 19.75 hours of attorney time was spent on this case before the District Court, including the preparation of the EAJA fee petition

---

[1] Notwithstanding this determination, the Court notes that future EAJA fee petitions must include additional evidence to justify the an hourly rate in excess of the statutory rate of $125.00 per hour. Specifcially, to comport with *Bryant*," this Court now requires additional proof such as "affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate," or alternatively, "results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice." *See Zellner v. Astrue*, 2012 WL 273937 (S.D. Ohio Jan. 31, 2012). *See also Bushor v. Comm'r of Soc. Sec.*, Case No. 1:09-cv-320-MRB, 2011 WL 3438439 (S.D. Ohio 2011)(reducing fee to $125 under *Bryant* where plaintiff's counsel failed to submit more than a copy of Consumer Price Index).

which is compensable pursuant to *Commissioner v. Jean*, 496 U.S. 154, 162 (1990). The Court has reviewed the number of hours submitted by counsel and finds such hours reasonable and relevant to the prosecution of this matter. Compensation for the 19.75 hours at the $170.00 hourly rate yields an attorney fee of $3,357.50, plus costs and expenses of $350.00. (Doc. 21 at 9). The Court notes that the Commissioner does not object to the hours expended by counsel for Plaintiff in this litigation. Accordingly, the Court finds such a fee is reasonable and should be awarded under EAJA.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that the EAJA fee petition filed by Plaintiff's counsel be **GRANTED**, and that Plaintiff[2] be **AWARDED $3,707.50** in attorney fees.

                                                s/Stephanie K. Bowman
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

---

[2] The Court notes that the Supreme Court has clarified that any fees awarded to a prevailing party under the EAJA belong to the litigant, not the litigant's attorney. *See Astrue v. Ratliff*, 560 U.S.___, 130, S.Ct. 2521, 2524 (2010). Without evidence of an assignment to counsel, the Court cannot award fees directly to Plaintiff's counsel. In addition, those fees are subject to an offset to satisfy any pre-existing debt the litigant may owe to the United States. *Id.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA BLACKBURN,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:09cv943

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).